TATE, Justice
(concurring).
An evidentiary hearing is required by our Code of Criminal Procedure and by the United States Supreme Court decisions cited in the per curiam.
In 1966, when our legislature adopted the Code of Criminal Procedure, the post-conviction remedies were expressly broadened. Article 362(9) affords the remedy whenever a person proves he is convicted without due process of law, and Article 354 requires a hearing whenever the petition 'alleges facts which would entitle the relator to relief.
An express purpose of the broadened remedy is to permit the state courts to hold hearings and find facts as to claims of deprivation of federal constitutional rights. Official Revision Comment (i), Article *766 362. This is to avoid the unseemly spectacle of state judges and state prosecutors being summoned over to federal court to explain their actions. It is also to permit state courts to afford state prisoners the rights guaranteed by the federal constitution, for vindication of which state prisoners would otherwise have to resort to federal courts.
The petitioner states a claim based upon a search and seizure in violation of the federal constitution. He did not object at the trial to introduction of the objects seized, but, since Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), this is no bar to post-conviction relief. In Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), the United States Supreme Court expressly held that a state prisoner is not barred by lack of trial objection from raising the issue of an unconstitutional search and seizure. It there held that the criminal defendant was at least entitled to a determination of whether the right to object was knowingly and intelligently waived by a deliberate bypass of state procedural requirements for timely raising the objection.
These decisions have never been overruled. In fact, in Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), in affording the same right to habeas relief to federal prisoners in the absence of objection to the alleged illegal seizure at the trial on the merits, the United States Supreme Court noted: “Our decisions leave no doubt that the federal habeas remedy extends to state prisoners alleging that unconstitutionally obtained evidence was admitted against them at trial. * * * [Citing four recent United States Supreme Court decisions.]” 394 U.S. 225, 89 S.Ct. 1068. (Italics ours.)
Scholarly commentary is virtually unanimous that this is the force and effect of the United States Supreme Court decisions in the field. Under these decisions, cases cited that absence of objection waives right to appellate consideration are completely inapplicable to their waiver in ha-beas proceedings. See, e. g., Comment, 26 La.L.Rev. 705 (1966).
We may disagree with the objectives, the reasoning, and the result of these decisions. But, if we respect the judicial oath we took to enforce the federal and state constitutions — indeed, if we respect the concept of the rule of law — , we must obey the interpretations of these rulings by the highest court of the land.
The United States Constitution as interpreted by that court is binding upon every court in this land, including the Supreme Court of Louisiana and the federal courts sitting in Louisiana. If we do not perform our constitutional duty to enforce the United States Supreme Court’s interpretations of the federal constitution, the federal district courts will have to do so, as alas all too often has been the case in the last several years.
I have no serious quarrel with those who question the wisdom of the rulings we must enforce- — who state that there must be some better way to vindicate federal rights than to have round after round of post-conviction hearings, never really terminating a criminal prosecution as long as pen and ink and inventive minds remain in the penitentiaries.
Indeed, I think we must seriously and soon explore on the state level a pre-trial omnibus hearing device, used successfully in other jurisdictions, where the trial court is under an affirmative duty to investigate and require affirmative assertion or waiver of claims to constitutional deprivation in connection with arrest, search and seizure, and confessions: This might determine the issues once and for all and — if determined unfavorably to the accused — permit subsequent proceedings be devoted entirely to ascertaining guilt or innocence. If he is found guilty, suitable correctional or rehabilitation attention may be directed to the' prisoner, without the indefinite distraction of prolonged attempts to secure post-conviction relief.
*767 Until this is done, or until the United States Supreme Court modifies the rulings now binding upon this court, we cannot do otherwise than we do here, i. e., order an evidentiary hearing on whether the failure at the merit-trial to raise the issue was a knowing and intelligent waiver of the right to raise the federal-constitutional issue. True respect for law and order requires respect not only for law and rulings with which we agree, but also for those with which we disagree.